## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRAVIS KIMBALL | No. 2:22-cr-85-JDL |

### GOVERNMENT'S SENTENCING MEMORANDUM

Travis Kimball is a predator. He abused family members and non-family members. His known victims were as young as three years old. He recorded himself ejaculating on a seven-year-old. He then shared this video with a stranger on Kik. He maintained employment positions that placed him in direct proximity to young children. He abused children in his care and during the course of his employment. His conduct places him well off the sentencing guideline table. A severe sentence is warranted.

The government respectfully submits that a sentence of imprisonment for 25 years on each of Counts One and Four, to be served consecutively, followed by 10 years of supervised release is appropriate in this case.

**I.      Statutory Requirements**

The defendant faces a mandatory minimum sentence of 15 years and a maximum sentence of 30 years imprisonment on each of Counts One and Four. PSR ¶ 76. The Court must impose a supervised release term of at least five years and up to life. PSR ¶ 79.

A fine of up to $250,000 may be imposed on each count, and a special assessment of $100 per count is mandatory. PSR ¶¶ 84, 85. In addition, if the Court finds him to be non-indigent, the Court must impose an additional $5,000 special

1

assessment, but the government agrees with Probation that he does not have the ability to pay this assessment. PSR ¶ 85. The Court must also order Defendant to pay assessments of not more than $50,000 on Counts One and Four. PSR ¶ 86. Restitution is mandatory in an amount not less than $3,000 per count. PSR ¶ 89.

## II.    Defendant's Advisory Guidelines Are Properly Calculated

The Revised PSR calculates Defendant's offense level as follows:

Count One:

| | |
|---|---|
| Base offense level | 32 (§ 2G2.1(a)) |
| Minor Under 12 | +4 (§ 2G2.1(b)(1)(a)) |
| Sexual act or contact | +2 (§ 2G2.1(b)(2)(a)) |
| Distribution | +2 (§ 2G2.1(b)(3)) |
| Care or supervisory control | +2 (§ 2G2.1(b)(5)) |

Count Four:

| | |
|---|---|
| Base offense level | 32 (§ 2G2.1(a)) |
| Minor Under 12 | +4 (§ 2G2.1(b)(1)(a)) |
| Sexual act or contact | +2 (§ 2G2.1(b)(2)(a)) |
| Infant or toddler | +4 (§ 2G2.1(b)(4)(B)) |
| Care or supervisory control | +2 (§ 2G2.1(b)(5)) |

Total Offense:

| | |
|---|---|
| Greater adjusted offense level | 44 (§ 2G2.1(a)) |
| Grouping of Counts | +2 (§ 3D1.4) |
| Pattern of activity | +5 (§ 4B1.5(b)(1)) |
| Acceptance of responsibility | -3 (§ 3E1.1(a)) |
| **Total Offense Level** | **48** |

PSR ¶¶ 26-50 Under the guidelines, an offense level of more than 43 is treated as a level 43. PSR ¶ 51. At Criminal History Category I, his advisory guidelines sentence is life, but the combined statutory maximum is 60 years, which becomes the guideline term of imprisonment. PSR ¶ 77.

### III.   A Sentence of Imprisonment for 50 Years Is Appropriate Here

A sentence close to the combined statutory maximum is appropriate in this case. Such a sentence accounts for the particular facts and circumstances of this case and comports with the statutory purposes of sentencing.

#### a.  The Government's Recommended Sentence Reflects the Totality of Defendant's Conduct

Congress has determined that any single violation of 18 U.S.C. § 2251(a) calls for a minimum of 15 years in prison. This significant minimum term reflects a judgment by Congress that the type of conduct committed by Defendant merits severe punishment. Several aspects of Defendant's conduct, all of which are reflected in the advisory guideline sentence, argue for a sentence significantly above the minimum and near the statutory maximum.

First, Defendant abused multiple children over a sustained period. This conduct was not a single impulsive act with a single victim—which would be horrific enough—but repeated sexual abuse of children over at least multiple months.

Second, the victims in Counts One and Four were both under defendant's care. Minor Child 1 was a seven-year-old relative. Minor Child 2 was a three-year-old participant in a daycare. He abused Minor Child 2 at the daycare. Defendant's acts of abusing both a relative and a non-relative shows the breadth of his criminal conduct.

Third, Defendant betrayed the trust of the victims and their families. Neither victim was a stranger. This added element of betrayal makes the offense only more disturbing.

Fourth, Defendant recorded a sex act with Minor Victim 1. PSR ¶ 9. An individual can violate § 2251(a) by causing a minor to engage in a variety of sexually explicit conduct, including the lascivious exhibition of the minor's genitals. Thus, one can violate the statute without ever actually touching the victim. Here, by contrast, Defendant engaged in sexual acts with the victim. His willingness to do so also calls for a very lengthy sentence.

Fifth, Defendant distributed the images and video he created of Minor Child 1. PSR ¶ 9. One can violate § 2251(a) without ever distributing an image to another person. If an individual creates child pornography and then transports the visual depiction in interstate commerce, the statute has been violated. In this case, Defendant made images of the victim available to a stranger he met in a Kik forum.

Sixth, Defendant's employment history reveals that he held positions where children were present. At least at the daycare, Defendant utilized his employment to commit a horrific offense.

Seventh, at the time of his arrest, Defendant was actively involved in the production and distribution of child sexual abuse material. He distributed the abuse materials of Minor Child 1 just five days after he made the video of Minor Child 2. His criminal conduct only stopped because he engaged with an undercover FBI agent. Absent a prompt law enforcement response, Defendant's conduction would likely have continued.

Taken together, all of the guideline enhancements that apply in this case capture aspects of Defendant's conduct that put it well beyond that of most individuals who violate § 2251(a). A sentence of 50 years is appropriate.

### b. The Government's Recommended Sentence Fulfills the Statutory Purposes of Sentencing

The government submits that a sentence of 50 years is also proper under 18 U.S.C. § 3553(a). In addition to the nature and circumstances of the offense, discussed above, the other statutory factors also support the imposition of the government's recommended sentence.

### 1. Defendant's History and Characteristics

With respect to Defendant's history and characteristics, there is no question that he is young and that he reported childhood trauma. In isolation, his life circumstances would support some leniency. However, the government submits that the difficulties he has suffered are far overshadowed by all the other factors that support a sentence much closer to the statutory maximum.

### 2.     Seriousness of Offense, Respect for the Law, Just Punishment

The Court also must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). These factors are related. As the court noted in *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. Ohio 2008), "There is no reason to believe that respect for the law will increase if a defendant who deserves leniency is sentenced harshly any more than there is reason to believe that respect for the law will increase if a defendant who deserves a harsh punishment receives a slap on the wrist." *Id.* at 957. In this case, the seriousness of Defendant's offenses is obvious. He sexually abused two young boys under his care, recorded the abuse as it was happening, and shared the abuse of at least one victim. The sentence recommended by the government is a just punishment that reflects the seriousness of the offenses and promotes respect for the law.

### 3.     General and Specific Deterrence

The Court also must consider the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(B), (C). These two factors are sometimes said to reflect the needs for general and specific deterrence. *See, e.g.*, *United States v. Russell*, 600 F.3d 631, 637 (D.C. Cir. 2010). With respect to the former, a very lengthy sentence is necessary to send the message that the type of conduct Defendant committed will be punished in the most severe fashion. With respect to the latter, Defendant clearly has a sexual interest in young children and acted on that interest. Protection of the public should be a substantial consideration in imposing sentence.

4.     **Training and Treatment**

The Court must also consider the need for the sentence imposed to provide Defendant with needed training or treatment. *See* 18 U.S.C. § 3553(a)(2)(D). The government's recommended sentence will provide him with the opportunity to obtain needed sex offender treatment, as recommended in the PSR.

5.     **Sentencing Disparities**

Finally, the Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court concluded that when a sentencing judge correctly calculates and carefully reviews the Guidelines range, he or she necessarily gives significant weight and consideration to the need to avoid unwarranted disparities. *See id.* at 54. In this case, the government submits that its request for a sentence below the advisory guidelines addresses this factor.

## IV.     Conclusion

For the reasons stated above, the government recommends that the Court impose a sentence of imprisonment for 50 years followed by supervised release for 10 years.

Date: June 8, 2023

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

BY:     /s/David B. Joyce

David B. Joyce
Assistant United States Attorney
100 Middle Street, East Tower, 6th Floor
Portland, ME  04101
(207) 780-3257
David.Joyce@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I filed the foregoing Sentencing Memorandum using the Court's CM/ECF system, which will cause a copy to be sent to all counsel of record.

>                                    DARCIE N. MCELWEE
>                                    United States Attorney
>
> BY:      */s/David B. Joyce*
>
>                                    David B. Joyce
>                                    Assistant United States Attorney
>                                    100 Middle Street, East Tower, 6th Floor
>                                    Portland, ME  04101
>                                    (207) 780-3257
>                                    David.Joyce@usdoj.gov